IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TANYA D. WISEMAN, )<br>)<br>    Plaintiff, )<br>) | |
| ) | No. 2:21-cv-02042-TLP-cgc |
| v. )<br>) | JURY DEMAND |
| SPECTRUM HEALTHCARE RESOURCE, )<br>)<br>    Defendant. ) | |

**ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION**

    Pro se Plaintiff Tanya D. Wiseman sued Defendant Spectrum Healthcare Resource, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, et seq. ("Title VII").  (ECF No. 1 at PageID 1.)  Under Administrative Order 2013–05, the Court referred this case to Magistrate Judge Charmaine G. Claxton ("Judge Claxton") for management of all pretrial matters.

    Defendant moved to dismiss Plaintiff's claims.  (ECF No. 13.)  Then the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court grant in part and deny in part the motion to dismiss.  (ECF No. 18 at PageID 66.)  Neither party objected to the R&R.  For the reasons below, the Court **MODIFIES** and **ADOPTS** the R&R.

**THE REPORT AND RECOMMENDATION**

**I.    Facts of the Case**

    In June 2020, Plaintiff filed a discrimination charge with the Tennessee Human Rights Commission, alleging discrimination based on race, color, and national origin, as well as retaliation.  (ECF No. 13-1 at PageID 52.)  In this charge, Plaintiff complained that Spectrum's

managers bullied her, showed bias toward her, and treated her unfavorably compared to others. (*Id.*) And Plaintiff alleges that Spectrum took her "off work for a little over a week" in February 2020, and that she received no quarterly bonus in November and December 2019 and February 2020. (*Id.*) The charge also states that Spectrum disciplined her in May and June 2020 and then denied her a nurse coordinator position. (*Id.*) The EEOC mailed Plaintiff a right to sue letter in November 2020. (ECF No. 1-1 at PageID 7.)

In December 2020, Plaintiff filed a second discrimination charge with the Tennessee Human Rights Commission, this time alleging discrimination based on race and color, as well as retaliation. (ECF No. 1-2 at PageID 10.) Plaintiff charged that Spectrum suspended and then discharged her in October 2020 in retaliation for filing the first discrimination charge. (*Id.*) She sued here a few months later.

Plaintiff sued Defendant in January 2021, alleging that Defendant violated Title VII by discriminating against Plaintiff based on her race and color and by retaliating against her. (ECF No. 1 at PageID 4.) Plaintiff also states that discrimination and retaliation occurred after "filing FMLA" in November 2019. (*Id.*) Spectrum responded to the complaint by moving to dismiss. (ECF No. 13.)

In her response to the motion to dismiss, Plaintiff argued that the EEOC had not yet issued a right to sue letter on her second charge. (ECF No. 16 at PageID 59.) And then the EEOC issued a right-to-sue letter the next day, and Spectrum attached that letter to its reply. (ECF No. 17-1 at PageID 64.)

The Court now discusses Judge Claxton's recommendation about the motion to dismiss.

**II.     The Magistrate Judge's Analysis**

Judge Claxton explained that Title VII prohibits employment discrimination based on "race, color, religion, sex, or national origin." (ECF No. 18 at PageID 70 (quoting 42 U.S.C. § 2000e-2(a)).) And to establish a prima facie case of discrimination,[1] a plaintiff must show that: "(1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently than similarly situated, nonprotected employees." (*Id.* at PageID 71 (citing *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004)).)

Judge Claxton emphasized that Plaintiff alleged discrimination based on race and color only by checking the corresponding boxes in the complaint. (*Id.*) The R&R states that "[e]ven liberally construing Plaintiff's pro se Complaint, this is insufficient to survive a motion to dismiss." (*Id.* (citing *Roan v. United Parcel Serv., Inc.*, No. 3:19-cv-291, 2019 WL 9047227, at *4 (M.D. Tenn. Sept. 3, 2019) (reasoning that a pro se complaint that provides no more than a "checked box" alleging the bases for Title VII discrimination cannot survive a motion to dismiss)).) Judge Claxton thus recommended dismissal of Plaintiff's Title VII discrimination claims. (*Id.* at PageID 71–72.)

Judge Claxton next addressed Plaintiff's Title VII retaliation claim, recommending that the Court permit this claim to proceed. (*Id.* at PageID 72.) Plaintiff alleges that Defendant suspended and discharged her in October 2020 in retaliation for filing a discrimination charge with the Tennessee Human Rights Commission. (*Id.*) At first, Defendant moved to dismiss for failure to exhaust administrative remedies because the EEOC had not yet issued a right to sue

---

[1] The Court notes that while Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), the R&R cites precedent analyzing Title VII discrimination claims at the summary judgment stage. (ECF No. 18 at PageID 70–71.) The Court further addresses this issue below.

letter.  (ECF No. 13-1 at PageID 46–47.)  But the EEOC later issued the right to sue letter. (ECF No. 17-1 at PageID 64.)  So Defendant agreed in its reply that its administrative exhaustion argument is moot.  (*Id.* at PageID 62.)  Yet Defendant maintained that Plaintiff still fails to state a retaliation claim under Title VII.  (*Id.*)

Judge Claxton noted that Defendant argued only that "the allegations in Plaintiff's First Charge do not constitute protected activity."  (ECF No. 18 at PageID 72.)  But Defendant did not argue that Plaintiff's filing of the initial discrimination charge was not a protected activity.  (*Id.*) Judge Claxton therefore recommended that the Court permit Plaintiff's Title VII retaliation claim to proceed.  (*Id.*)

Lastly, the R&R addressed Plaintiff's allegation that discrimination and retaliation began after her "filing FMLA" in November 2019.  (ECF No. 1 at PageID 4.)  Judge Claxton construed this allegation as raising a retaliation claim under the Family Medical Leave Act, 29 U.S.C. §§ 2601, et seq. ("FMLA").  (ECF No. 18 at PageID 72.)  "To establish a prima facie case of FMLA retaliation, a plaintiff must ultimately show as follows: (1) she was engaged in an activity protected by the FMLA; (2) the employer knew that she was exercising her rights under the FMLA; (3) after learning of the employer's exercise of FMLA rights, the employer took an adverse employment action adverse to her; and, (4) there was a causal connection between the protected activity and the adverse employment action."  (*Id.* at PageID 72–73 (citing *Donald v. Sybra Inc.*, 667 F.3d 757, 761 (6th Cir. 2012)).)  The R&R acknowledges that the complaint need not contain "all elements of the prima facie case to survive a motion [to dismiss]"[2] but "must be based on more than conclusory allegations."  (*Id.* at PageID 73.)

---

[2] The R&R mistakenly states, "to survive a motion for summary judgment," rather than a motion to dismiss.  (ECF No. 18 at PageID 73.)  Yet the R&R correctly describes the standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (*Id.* at PageID 68–69.)

Plaintiff alleged that Defendant retaliated against her for filing a discrimination charge, not for engaging in protected activity under the FMLA. (*Id.*) Thus, Judge Claxton noted that "this does not satisfy Rule 8's requirements of pleading an FMLA retaliation claim even under the liberal construction of pleadings filed by pro se litigants." (*Id.*) Accordingly, Judge Claxton recommended that the Court dismiss Plaintiff's FMLA retaliation claim. (*Id.*)

## DISPOSITION

The Court has to review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Because neither party has objected to the R&R, the Court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee notes. But the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Having reviewed the R&R and the record here, the Court **MODIFIES** and **ADOPTS** the R&R as described below.

As noted above, although Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), the R&R's analysis of Plaintiff's Title VII discrimination claims includes precedent applicable only at the summary judgment stage. (ECF No. 18 at PageID 70–71.) The R&R states, for example, that "[a] plaintiff may establish a claim of disparate treatment based upon race either by introducing direct evidence of discrimination or by proving circumstantial evidence which would support an inference of discrimination." (ECF No. 18 at PageID 70 (citing *Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997)).) The R&R then states "'[t]he direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both.'" (*Id.* (quoting *Kline*, 128 F.3d at 348).) The R&R also explains what evidence a plaintiff must produce to satisfy both standards. (*Id.*)

5

And the R&R describes the *McDonnell Douglas* burden-shifting standard. (*Id.* at PageID 70–71 (discussing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).) These standards apply when a court is considering a motion for summary judgment, not a motion to dismiss.

Rather, a motion to dismiss is based on the pleadings only. And a plaintiff need not introduce any "evidence" at the pleading stage. *See Mills v. Barnard*, 869 F.3d 473, 484 (6th Cir. 2017) ("In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must make a claim and plead facts plausibly showing that the plaintiff is entitled to relief.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). And the *McDonnell Douglas* burden-shifting standard applies at summary judgment—not at the pleading stage. *See Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement.") (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)); *see also Hood v. City of Memphis Pub. Works Div.*, No. 17-2869, 2018 WL 2387102, at *2 (W.D. Tenn. Jan. 8, 2018) ("Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas* . . . . All that is required is that the complaint satisfies Rule 8(a)'s simplified pleading standard.") (citing *Swierkiewicz*, 534 U.S. at 508, 513); *Jodry v. Fire Door Sols., LLC*, No. 3:20-cv-00243, 2020 WL 7769924, at *3 (M.D. Tenn. Dec. 30, 2020) ("[S]ince this is a Motion to Dismiss, and not a motion for summary judgment, Plaintiff is not required to carry a burden of presenting evidence establishing a prima facie case under *McDonnell Douglas*.") (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012)).

The R&R—despite including the summary judgment standard for Title VII discrimination claims—does apply the Rule 12(b)(6) standard to Plaintiff's discrimination

claims.³  And the R&R correctly concludes that Plaintiff failed to state a Title VII claim for race or color discrimination.  "It is axiomatic that, to state a claim of race discrimination under Title VII, the plaintiff must plead facts which allow the court to infer that the employer's wrongful termination related to the plaintiff's race."  *Flynn v. Memphis Pathology Lab'y (AEL)*, No. 2:19-2882-CV-SHL-TMP, 2020 WL 5801087, at *3 (W.D. Tenn. Sept. 29, 2020) (citing *Williams v. USW, AFL-CIO, Local 7697*, No. 1:09-cv-743, 2010 WL 909883, at *5 (S.D. Ohio Mar. 10, 2010); *Hood*, 2018 WL 2387102, at *3).  Similarly, "[f]or a color discrimination claim under Title VII, the court must be able to ascertain that the termination occurred because of the color of the plaintiff's skin."  *Id.* (citing *Cooper v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 742 F. Supp. 2d 941, 950–51 (W.D. Tenn. 2010); *Hood*, 2018 WL 2387102, at *4).

Plaintiff checked the boxes corresponding to race and color discrimination in the complaint.  But she included no factual allegations to support her discrimination claims.  Plaintiff did not describe any instances of discrimination, let alone any discrimination related to her race or color.  For these reasons, Plaintiff's Title VII discrimination claims cannot survive a motion to dismiss.  *See id.*  And so the Court **MODIFIES** the R&R as described above and **DISMISSES** Plaintiff's Title VII discrimination claims.

To state a Title VII retaliation claim, a plaintiff must allege that "(1) he acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action against him; and (4) the adverse action had a causal connection to the protected activity."  *Hood*, 2018 WL 2387102, at *5 (citing *Morris v. Oldham Cnty. Fiscal Ct.*, 201 F.3d 784, 792 (6th Cir. 2000)).  And protected activity includes

---

³ The R&R emphasizes the lack of supporting allegations and cites a case dismissing a pro se complaint at the pleading stage.  *See Roan*, 2019 WL 9047227, at *4.  And the R&R ultimately finds the allegations "insufficient to survive a motion to dismiss."  (ECF No. 18 at PageID 71.)

7

"making a charge, testifying, assisting, or participating in an 'investigation, proceeding, or hearing' under Title VII." *Id.* (quoting 42 U.S.C. § 2000e-3(a)). As Judge Claxton pointed out, Plaintiff engaged in protected activity when she filed a discrimination charge alleging that Defendant violated Title VII. The Court therefore **ADOPTS** this portion of the R&R and **DENIES** the motion to dismiss as to Plaintiff's Title VII retaliation claim.

Judge Claxton also correctly concluded that Plaintiff fails to state a retaliation claim under the FMLA. Plaintiff provides no factual allegations to support an FMLA claim. *See Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) ("To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted). The Court also **ADOPTS** this portion of the R&R and **DISMISSES** Plaintiff's FLMA claim.

## CONCLUSION

Having reviewed the R&R and the entire record here, the Court **MODIFIES** and **ADOPTS** the R&R as described above. The Court therefore **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss (ECF No. 13) and **DISMISSES** Plaintiff's Title VII claims of race and color discrimination and her FMLA claim. The Court permits Plaintiff's Title VII retaliation claim to proceed.

**SO ORDERED**, this 27th day of September, 2021.

                              s/Thomas L. Parker
                              THOMAS L. PARKER
                              UNITED STATES DISTRICT JUDGE